REDMANN, Judge
(dissenting).
Plaintiff is not a holder in due course.
Montaldo, the payee of the note sued on, was already indebted to plaintiff for the debt to secure which the note was pledged or assigned.
Thus the naked pledge of the note by Montaldo would not have made plaintiff the holder in due course because he did not take it “for value”, LSA-R.S. 7:52. Except for the forebearance recited in the “Pledge and/or Assignment of Accounts Receivable”, plaintiff gave no value for the pledge of the note.
If, as plaintiff’s petition recites and appears to be the fact, plaintiff holds the note under the agreement, then plaintiff is only the agent for collection of Mon-taldo. The agreement provides that Mon-taldo “does name, constitute, and appoint New Orleans General Agency, Inc., as its true and lawful attorney, irrevocably and with full power of substitution, but for the sole use and benefit of said New Orleans General Agency, Inc., to ask, demand, sue for, collect, receive, compound and give acquittance for the said monies due or to become due to” Montaldo.
In my opinion plaintiff is either a pledgee not for value or an agent for collection, and in either capacity is subject to defenses available against Mon-taldo.